IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY GACHETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.  2:11-cv-398-MEF |
| ) | (WO – Do Not Publish) |
| RETAIL WHOLESALE DEPARTMENT ) | |
| STORE UNION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Retail Wholesale Department Store Union's (the "Union") Motion to Dismiss (Doc. #15) for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, the Union's Motion to Dismiss is due to be GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

Plaintiff Henry Gachett ("Gachett") alleges that on or about April 17, 2009, he was terminated from his employment at Wayne Farms. (Doc. #1-1, at 1.)  Gachett alleges that he "sought assistance from the Union to appeal his termination from Wayne Farms, as he was a dues paying Union Member[,]" and that the Union refused to provide him with representation.  Gachett further alleges that the Union deducted dues from Gachett's paycheck each month, and that Gachett relied on the Union's representations that his membership was in effect at all times relevant to this lawsuit.

On April 11, 2011, Gachett filed this suit in the Circuit Court of Bullock County, Alabama. Gachett's state court lawsuit included claims against the Union for misrepresentation, fraud, negligence/wantonness, breach of contract, and bad faith. (Doc. #1-1, at 3–5.) The Union timely removed the case to this Court on May 25, 2011. (Doc. #1.) The Union predicated its removal on federal question jurisdiction. *See* 28 U.S.C § 1331. Specifically, the Union argued that three of Gachett's five claims are governed by § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, a federal statute which preempts any state law claim that is "inextricably intertwined" with the terms of a collective bargaining agreement ("CBA"). *See Allis-Chalmers v. Lueck*, 471 U.S. 202, 211 (1985). Gachett timely filed a Motion to Remand. (Doc. #5.)

The Court denied Gachett's Motion to Remand by Order dated January 17, 2012 (Doc. #12), concluding that Counts One through Three of Gachett's Complaint were preempted by § 301 of the LMRA. In so ruling, the Court found that Gachett's state law claims for failing to provide union representation, fraudulent failure to disclose denial of benefits, and negligent or wanton misrepresentation concerning union benefits required interpretation of the Union's CBA with Gachett's employer, Wayne Farms. The Court did not address whether Counts Four through Six were preempted, because such issues were not raised during the remand proceedings. The Court concluded that it would exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367. (Doc. #12, at 10.)

In its Motion to Dismiss, the Union argues that all of Gachett's claims for relief are

due to be dismissed because they are preempted by § 301 of the LMRA. The Union further argues that all of Gachett's claims are preempted by the judicially created cause of action against a union for breach of its duty of fair representation and, therefore, are time-barred. Ignoring the Court's ruling on his Motion to Remand, Gachett responds that none of his claims are preempted by federal law.[1]

## II. MOTION TO DISMISS STANDARD

Rule 12(b)(6) provides that a defendant may defend against the allegations of a complaint by persuading the Court that the complaint fails to state a claim upon which relief can be granted. Such a contention necessarily implicates the requirements for pleading set forth in Federal Rule of Civil Procedure 8(a)(2).

Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] Gachett also argues that the Union should be estopped from asserting a preemption defense because the Union previously denied that Gachett was a member of the union. Gachett contends in his response brief that, in denying Gachett representation in appealing his termination, the Union told him that his job as a forklift operator was not a covered union position and that he was not an active union member. (Doc. #18, at 6.) The Court does not consider this fact in its analysis of the motion to dismiss because Gachett failed to allege it in his Complaint and has not sought leave to amend the Complaint. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("Filing a motion is the proper method to request leave to amend a complaint."); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) ("[A] trial court is not required sua sponte to grant leave to amend prior to making its decision.").

(2007) and *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. at 1950.

Prior to the Supreme Court's decision in *Twombly*, a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, the standard is somewhat different. As the Supreme Court has explained,

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. at 1949; *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009).

A court seeking to apply this standard should begin the analysis of a complaint "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. at 1951. According to the Supreme Court, the allegations in the complaint which merely state legal conclusions, constitute bald assertions devoid of further factual enhancement, or set forth formulaic recitations of the elements of the claim are not

entitled to the assumption of the truth and should not be considered in the court's analysis of whether the complaint plausibly gives rise to entitlement to relief. *Id.* at 1949–51. Next, the court is to consider the well-pleaded, nonconclusory factual allegations that are entitled to the presumption of truth "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1950–51. "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Bhd. of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008).

### III. DISCUSSION

The Union claims that all of Gachett's claims are preempted by § 301 of the LMRA and the federal duty of fair representation and should be dismissed. Because the Court has already ruled that Counts One through Three of Plaintiff's Complaint are preempted by § 301, these claims will not be reanalyzed for § 301 preemption. Thus, the Court will turn to the remainder of Plaintiff's claims.

The issues before the Court are: (1) whether Gachett's remaining claims are due to be dismissed as preempted by § 301 of the LMRA and/or the federal duty of fair representation; and (2) whether Gachett's remaining claims, if they are preempted by federal law, are due to be dismissed outright on preemption grounds, or as time-barred under the applicable statute of limitations.

**A.    Section 301 Preemption**

     **1.    Applicable Law**

It is well established that a state law claim is preempted by § 301 of the LMRA unless it exists independently of the CBA. *See, e.g., Allis-Chalmers*, 471 U.S. at 218; *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 (1987); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408–09 (1988); *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 370–71 (1990). A state law claim is not sufficiently independent when it depends upon an interpretation of the CBA. *Allis-Chalmers*, 471 U.S. at 218; *see also Hechler*, 481 U.S. at 859 n.3 (restating the rule set forth in *Allis-Chalmers* that, "when a state-law claim is substantially dependent on analysis of a collective-bargaining agreement, a plaintiff may not evade the pre-emptive force of § 301 of the LMRA by casting the suit as a state-law claim"); *Lingle*, 486 U.S. at 408–09 ("[A]s long as the state-law claim can be resolved without interpreting the [CBA] itself, the claim is 'independent' of the [CBA] for § 301 preemption purposes."). To determine whether a claim is independent, the Court must examine the elements of the state law claim to see if any of those require interpretation of the CBA. *See Palmer v. Local 8285*, 234 Fed. App'x 884, 887–88 (11th Cir. 2007) ("[W]e must look to the elements of the state law claim to determine 'whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract.'" (quoting *Allis-Chalmers*, 471 U.S. at 213)); *Bartholomew v. AGL Res., Inc.*, 361 F.3d 133, 138 (11th Cir. 2004); *Jordan v. Equity Grp. Eufala Div. LLC*, No. 2:08-cv-152-MEF, 2008 WL 4671781, at *2-3 (M.D. Ala. Oct. 21, 2008).

    **2.**    **Application to Plaintiff's Claims**

As an initial matter, the Court does not find it necessary to analyze all of Plaintiff's

claims for § 301 preemption. Plaintiff alleges a state law claim of bad faith. (Compl., Count Five, Doc. #1-1.) However, Alabama does not recognize the tort of bad faith except in the insurance contract context. *Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982) (stating that the first element of the tort of bad faith is "an insurance contract between the parties and a breach thereof by the defendant"). Plaintiff does not allege the existence of an insurance contract in his Complaint, so this claim, on its face, fails to state the most essential elements of an adequate state law claim that could be analyzed for preemption § 301. *Allis-Chalmers*, 471 U.S. at 213 (explaining that a court must look to the elements of the state law claim to determine "whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract"). However, to the extent that this claim can be construed as alleging a breach of the Union's federal duty to represent Gachett fairly, the Court will treat it as such.[2]

Furthermore, Count Six of Plaintiff's Complaint is due to be dismissed because it merely realleges the same claims set forth in previous Counts against fictitious defendants. Because there is no fictitious party practice in federal courts, this claim must be dismissed outright, irrespective of preemption. *See, e.g.*, Fed. R. Civ. P. 10(a); *New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Harris v. Palm Harbor Homes, Inc.,* 198 F. Supp. 2d 1303, 1304 n.6 (M.D. Ala. 2002); *Edwards v. Ala. Dep't of Corr.,* 81 F. Supp. 2d 1242, 1257 (M.D. Ala. 2000).

---

[2] Counts Four and Five of Plaintiff's Complaint will be analyzed for preemption pursuant to the federal duty of fair representation later in this opinion.

Thus, the only claim that the Court is left to analyze for § 301 preemption is Gachett's breach of contract claim in Count Four. (Doc. #1-1, Count Four, ¶¶ 25–27.) As discussed above, where a claim would require interpretation of a CBA, that claim is preempted under § 301 of the LMRA. The Court finds that there is no way of determining whether Gachett should prevail on his breach of contract claim without first determining what obligations the Union owed Gachett pursuant to the CBA between Wayne Farms and the Union.

In making this determination, the Court first examines the elements of a breach of contract claim under state law to determine whether an "evaluation of the [contract] claim is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers*, 471 U.S. at 213. To recover on a breach of contract claim in Alabama, a plaintiff must prove four elements: "(1) the existence of a valid contract binding upon the parties in the action, (2) his own performance under the contract, (3) the defendant's non-performance, and (4) damages." *Employees' Benefit Ass'n v. Grissett*, 732 So. 2d 968, 975 (Ala. 1998).

The Union argues that Gachett's breach of contract claim requires the Court to interpret the CBA to determine what representation it owed Gachett as a dues-paying union member. Gachett argues in response that the contractual relationship at issue is not determined by the CBA, but is established by Gachett's payment of dues to the Union from each paycheck for over twenty years. Gachett further argues that interpretation of the CBA is not necessary to measure the adequacy of the Union's actions with respect to his termination appeal, because the Union completely failed to act on his behalf in his

termination appeal.[3]

The Court is not convinced by any of Gachett's arguments. Any obligation that the Union owed Gachett, a dues-paying member of the Union, is derived from the Union's CBA with Wayne Farms. Thus, a determination of whether the Union had a contractual obligation to represent Gachett in the appeal of his termination and whether the Union failed to perform that obligation would require interpreting the terms of the CBA. For this reason, the Court concludes that Gachett's breach of contract claim is preempted by § 301 of the LMRA.

## B.   **Preemption and the Duty of Fair Representation**

### 1.   **Applicable Law**

The Union also argues that Gachett's state law claims are completely preempted by the federal duty of fair representation. The duty of fair representation is implied from a union's statutory authority under § 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(a), to act as the exclusive bargaining agent with the employer on behalf of the members of the bargaining unit it represents.[4] *Chauffeurs, Teamsters and Helpers, Local No.*

---

[3] Gachett contends in response to the motion to dismiss that, when he sought union representation to appeal his termination, the Union told him that his job as a forklift operator was not a covered union position and that he was not an active union member. (Doc. #18, at 6.) The Court does not consider this fact in its analysis of the motion to dismiss because Gachett failed to plead this fact in his Complaint and has not sought properly sought leave to amend his Complaint. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("Filing a motion is the proper method to request leave to amend a complaint."); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) ("[A] trial court is not required sua sponte to grant leave to amend prior to making its decision.").

[4] Section 9(a) of the NLRA provides, in pertinent part:

Representatives designated or selected for the purposes of collective bargaining by

*391 v. Terry*, 494 U.S. 558, 563 (1990).  In describing the duty, the Supreme Court has explained that "the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967).  Pursuant to this duty, "a union must represent fairly the interests of all bargaining-unit members during the negotiation, administration, and enforcement of collective-bargaining agreements." *Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 47 (1979).

A union breaches the duty of fair representation when it treats a member of the collective bargaining unit in a manner that is "arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190; *see also Air Line Pilots v. O'Neill*, 499 U.S. 65, 67 (1991) (reaffirming the three-part standard); *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998) (same).  While a union may not arbitrarily avoid an employee's meritorious grievance with his employer, "an individual employee [does not have] an absolute right to have his grievance taken to arbitration regardless of the provisions of the applicable collective bargaining agreement." *Vaca*, 386 U.S. at 191.

The Eleventh Circuit has not yet spoken on the extent to which the federal duty of fair

---

the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment . . . ."

29 U.S.C. § 159(a).

10

representation preempts state law.  But the First Circuit has held that the duty of fair representation completely preempts any state law claims that challenge a union's representational activities.  *BIW Deceived v. Local S6*, 132 F.3d 824, 830 (1st Cir. 1997).  The Fifth Circuit has similarly explained that, under the Supreme Court's holding in *Vaca*, the duty of fair representation completely preempts state law "because of the congressional intent that federal law, developed to further the goals of the NLRA, entirely govern the duties which an NLRA collective bargaining representative owes . . . to the workers it represents in that capacity."  *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1169–70 (5th. Cir. 1989).  Several district courts have followed the First and Fifth Circuit's approaches to this issue.  *See, e.g.*, *Zuckerman v. Volume Servs. Am., Inc.*, 304 F. Supp. 2d 365, 373 (E.D.N.Y. 2004); *Smith v. Local Union No. 110, Int'l Bhd. of Elec. Workers*, 681 F. Supp. 2d 995, 1002 (D. Minn. 2010); *Rodgers v. Callaway Golf Operations, Inc*., 796 F. Supp. 2d 232, 239 (D. Mass. 2011).

### 2.     Plaintiff's Claims Are Preempted by the Duty of Fair Representation

The Union argues that all of Gachett's state law claims amount to a claim that the Union breached its duty to fairly represent him in his employment dispute with Wayne Farms and, therefore, are preempted by federal law.  The Court agrees.  Counts One through Five, as alleged, clearly implicate the federal duty of fair representation.  Gachett alleges that the Union failed to provide him union representation and benefits; failed to disclose to him that they would not provide him the representation even if he paid union dues; made misrepresentations and concealed material facts from him regarding the union benefits for

11

which he was paying dues; breached its contract to provide him representation; and acted in bad faith. All of these allegations, taken together, amount to a claim that the Union acted arbitrarily or in bad faith when it failed to provide Gachett representation, which is the essence of a duty of fair representation claim.[5]  *Vaca*, 386 at 190. Therefore, the Court concludes that Counts One through Five of Gachett's Complaint are also preempted by the federal duty of fair representation.

## C.    Dismissal on Preemption Grounds

Even though Gachett's Complaint only alleges claims against the Union, not Wayne Farms, the Court construes the claims as "hybrid" § 301/fair representation claims. *See Bartholomew v. AGL Res., Inc.*, 361 F.3d 1333, 1342 (11th Cir. 2004) (holding that the district court did not err in characterizing plaintiff's state law claims as hybrid § 301/fair representation claims even though plaintiff's complaint only named employer as defendant).

The Union argues that the Court should dismiss Gachett's claims simply because they are preempted by § 301 and the duty of fair representation. Under Eleventh Circuit precedent, claims that are preempted by the LMRA should either be dismissed as preempted or treated as § 301 claims. *Bartholomew*, 361 F.3d at 1342 (citing *Allis*, 471 U.S. at 220); *see also Moon v. Goodyear Tire & Rubber Co.*, No. 4:12-CV-0065-KOB, 2012 WL 4479249, at *4–5 (N.D. Ala. Sept. 25, 2012). The Union offers no further argument as to why the Court should dismiss Gachett's claims outright rather than treating them as § 301

---

[5]  Nowhere in the Complaint (Doc. #1-1) does Gachett allege that the Union's conduct was discriminatory.

"hybrid" claims. Thus, in fairness, the Court construes Gachett's state law claims as a § 301 claim for a breach of the collective bargaining agreement between Wayne Farms and the Union, 29 U.S.C. § 185(a), and as a claim for the Union's breach of its duty to represent Gachett fairly in the appeal of his termination. *Chauffeurs*, 494 U.S. at 563; *Vaca*, 386 U.S. at 177.

**D.     Timeliness**

The Union also argues that Gachett's claims, when construed as federal claims, are due to be dismissed as time-barred. The applicable statute of limitations for a "hybrid" claim like Gachett's is the six-month limitations period borrowed from § 10(b) of the NLRA. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983); *Bartholomew*, 361 F.3d at 1342. This six-month period began running when the Union refused to provide representation to Gachett following his termination. *See Bartholomew*, 361 F.3d at 1342 (holding that district court did not err in concluding that limitations period began to run when plaintiffs were informed that union would not submit their grievances to arbitration). However, it is not clear from the face of the Complaint when the Union refused Gachett union representation. The Complaint alleges only that Gachett was terminated on April 17, 2009, and that sometime after that date, Gachett sought the Union's assistance in appealing his termination and was denied representation. (Doc. #1-1, at ¶¶ 4–5.) Because the Complaint does not make clear that the six-month statute of limitations had expired before Gachett filed his state court complaint on April 11, 2011, the Court refuses to dismiss

13

Plaintiff's claims with prejudice as being time-barred.[6]  *Bhd. of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) ("A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.").

The Union's Motion to Dismiss is premised solely on the propositions that preemption is an automatic ground for dismissal, and that Plaintiff's claims are time-barred.  The Court finds no other basis to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  Moreover, dismissal with prejudice of all claims as preempted is unwarranted at this time because the pleading before the Court was confined to state law claims and state court pleading requirements.  *See Smith*, 681 F. Supp. 2d at 1006 (allowing plaintiff to amend complaint to clarify the precise nature of preempted state law claims).  Thus, although the Court finds that Counts One Through Five are preempted by federal law, the Court will allow Gachett to re-plead these claims under federal law and federal pleading requirements.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that

(1) The Union's Motion (Doc. #15) is GRANTED IN PART AND DENIED IN

---

[6] In his opposition to the Union's Motion to Dismiss, Gachett restates the facts and clarifies that, "at the time of his discharge, [he] sought the assistance of the Union to represent him in an appeal of his discharge, but the [Union] refused to provide that representation." (Doc. #18, at 2.)  Because it is unclear from the face of the complaint and from the parties' briefs when the statute of limitations began to run, this issue is best reserved for summary judgment.

PART.  It is granted to the extent that Count Six of the Complaint (Doc. #1-1), which pleads claims against fictitious parties, is DISMISSED WITH PREJUDICE.  The Union's Motion is DENIED in all other respects.

(2)   Gachett shall file an amended complaint clarifying the precise nature of his federal claims on or before **April 29, 2013**.  If Gachett fails to file an amended complaint by this date, Counts One through Five of his Complaint shall be dismissed with prejudice as preempted by federal law.

DONE this the 29th day of March, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE