IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY GACHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:11-cv-398-MEF |
| | ) | (WO – Do Not Publish) |
| RETAIL WHOLESALE | ) | |
| DEPARTMENT STORE UNION, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

This cause is before the Court on Defendant Retail Wholesale Department Store Union's ("the Union") Motion to Dismiss (Doc. #25).  The Union moves to dismiss Plaintiff Henry Gachett's ("Gachett") First Amended Complaint pursuant to Rules 12(b)(6) and 41(b) of the *Federal Rules of Civil Procedure*.  For the reasons set forth below, the Union's motion is due to be GRANTED.

**A.    Facts and Procedural History**

On April 11, 2011, Gachett filed this suit in the Circuit Court of Bullock County, Alabama.  Gachett sued the Union for misrepresentation, fraud, negligence/wantonness, breach of contract, and bad faith.  (Doc. #1-1.)  Gachett claims that the Union refused to provide him with representation after he was terminated by Wayne Farms even though he had paid union dues.  The Union timely removed the case to this Court on May 25, 2011, on the grounds of federal question jurisdiction.  (Doc. #1.)  The Union argued that three of

1

Gachett's five claims were preempted by § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185.  The LMRA preempts any state law clam that is "inextricably intertwined" with the terms of a collective bargaining agreement.  *See Allis-Chalmers v. Lueck*, 471 U.S. 202, 211 (1985).

Gachett filed a motion to remand and disputed that Counts One through Three were preempted by § 301 of the LMRA.  The Court denied Gachett's motion to remand on January 17, 2012, and held that the first three counts of Gachett's complaint were preempted by § 301 of the LMRA since Gachett's claims necessarily required interpretation of a collective bargaining agreement.  (Doc. #12.)  The Court exercised supplemental jurisdiction over the remaining state law claims for bad faith and breach of contract.

The Union then filed a motion to dismiss the remaining counts of Gachett's complaint on the grounds that they too were preempted by the LMRA, and that the statute of limitations for the duty of fair representation claims had run.  (Docs. #15, 16.)  The Court agreed that Counts Four and Five were preempted as "hybrid" claims for a § 301/breach of the fair duty of representation.[1]  (Doc. #23.)  The Court also noted in its order on the Union's motion to dismiss that Gachett ignored the Court's prior order on the motion to remand by arguing that *none* of Gachett's claims were preempted, rather than only Counts Four and Five.  (Doc. #23, at 3.)  However, the Court further held that whether Gachett's claims were barred by the six-month statute of limitations was a matter for summary judgment.  Accordingly, the Court

---

[1] Count Six was dismissed with prejudice on the grounds that fictitious party practice is impermissible in federal courts.

2

ordered Gachett to "file an amended complaint clarifying the precise nature of his *federal claims* on or before April 29, 2013." (Doc. #23, at 15) (emphasis added).

In blatant disregard of the Court's March 29, 2013 order on the Union's motion to dismiss, Gachett filed an amended complaint that stated:

> Plaintiff incorporates all pertinent provisions of the original Complaint and re-asserts and re-alleges that Counts 1–6 of this Amended Complaint are brought solely under Alabama state law and denies that said Counts asserted herein are governed by the collective bargaining agreement between Wayne Farms and the Union, the duty of fair representation . . . or any another [sic] federal law or statute.

(Doc. #24, at 1.) The factual basis of Gachett's claims were essentially the same as in his original complaint, namely, that the Union refused to represent him in an appeal of his termination by Wayne Farms despite paying his dues. (Doc. #24, at 2–3.) The Union subsequently filed a motion to dismiss the amended complaint on the grounds that Gachett's claims were preempted by the LMRA and that his claims were due to be dismissed under Rule 41(b) for failure to follow a court order. (Docs. #25, 26.) More specifically, the Union argued that Gachett's amended complaint should be dismissed under Rule 41(b) because he failed to follow the Court's express directives in its March 29, 2013 order to file an amended complaint pleading his claims as federal claims. (Doc. #26, at 3.) In his response brief, Gachett states, without any supporting argument, that "Plaintiff has complied with the Court's March 29, 2013 Order . . . ." (Doc. #28, at 3.)

## B.    Discussion

Gachett's amended complaint is due to be dismissed with prejudice under Rule 41(b)

for failure to follow the Court's order to re-plead his claims as federal claims.  Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules *or a court order*, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b) (emphasis added).  This rule recognizes a district court's "inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases."  *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation and citation omitted).  A district court may dismiss an action *with prejudice* under Rule 41(b) if there is "a clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice."  *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).  The Court finds that Gachett's violation of the Court's March 29, 2013 order was in willful contempt and that a lesser sanction than dismissal with prejudice will not suffice.

Gachett's filing of an amended complaint that expressly asserts only state law claims is in willful contempt of this Court's March 29, 2013 order, because that order found all of Gachett's claims to be preempted by the LMRA and expressly commanded Gachett to "file an amended complaint clarifying the precise nature of his *federal claims* . . . ."  (Doc. #23, at 15) (emphasis added).  Nevertheless, Gachett filed an amended complaint pleading only state law claims and stated in the amended complaint that all claims "are brought solely under Alabama state law and [Plaintiff] denies that said Counts asserted" in the amended complaint were federal claims.  (Doc. #24, at 1.)

In essence, Gachett, through filing the amended complaint, is acting in concerted

4

defiance of this Court's clear and unequivocal order.  The claims in the amended complaint arise out of the same facts alleged in the original complaint, and the Court has already held any claims arising out of these facts are preempted by the LMRA and must be pled accordingly.  "A district court need not tolerate defiance of reasonable orders."  *Equity Lifestyle*, 556 at 1241 (citation omitted).  In *Equity Lifestyle*, the Eleventh Circuit upheld the district court's dismissal of the plaintiff's complaint with prejudice under Rule 41(b) when the plaintiff failed to file an amended complaint that followed the district court's order to plead certain claims.  *Id*. at 1239.  Like the plaintiff in *Equity Lifestyle*, Gachett "simply ignored the court's instruction" and used the Court's order allowing him to re-plead his state law claims as "an opportunity to reconsider [his] strategy."  *Id.*  The Court finds such disregard of a court order to be willful contempt as required for dismissal with prejudice under Rule 41(b).

The Court further finds that a lesser sanction than dismissal with prejudice will not serve the ends of justice.  Gachett ignored the Court's order on his motion to remand when he argued in his response to the Union's first motion to dismiss that none of his claims were preempted, even though the Court held Counts One through Three were preempted in its earlier order.  Gachett subsequently disregarded the Court's order that he re-plead his state law claims as federal claims and even boldly claimed in his response brief to the Union's second motion to dismiss that "Plaintiff has complied with the Court's March 29, 2013 Order . . . ."  (Doc. #28, at 3.)  Gachett has thus disregarded two of this Court's orders and claims in a filing submitted to this Court to have complied with an order he expressly defies.

Gachett's disregard for the orders of this Court demonstrate that any lesser sanction for violation of a court order would not suffice.  *See Jones*, 709 F.2d at 1463 (stating that "demonstrated disregard of court orders" led to reasonable conclusion that "further attempts to try lesser sanctions would be futile").

Further, a lesser sanction would punish the Union, which has already litigated the issue of preemption in both its opposition to the motion to remand and its first motion to dismiss.  The Union has been forced to file another brief arguing the issue of preemption in its second motion to dismiss even though the preemption of Gachett's state law claims was decided by two previous orders of the Court.  Gachett's amended complaint serves only to delay the proceedings and prejudices the Union by attempting to introduce new state law claims. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("As any further delay would have greatly prejudiced defendants, a lesser sanction than dismissal would not have served the interests of justice.").

Therefore, since Gachett's actions were in willful contempt of the Court's March 29, 2013 order and because a lesser sanction would not suffice to serve the interests of justice, it is hereby

ORDERED that the Union's Motion to Dismiss (Doc. #25) is GRANTED and Gachett's Amended Complaint (Doc. #24) is DISMISSED WITH PREJUDICE.

A separate final judgment will be entered in accordance with this order.

DONE this the 18th day of February, 2014.

/s/   Mark E. Fuller
UNITED STATES DISTRICT JUDGE